IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Trenton Division

RECEIVED
DEC 15 2009
AT 8:30_____M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Criminal No. 09-859 (JAP) |
| MARC VELASQUEZ VERSON, : | |
| ELLEN THOMPSON and : | **ORDER FOR DISCOVERY AND** |
| DORIS MARTINEZ, : | **INSPECTION** |
| : | |
| **Defendants.** : | |

In order to eliminate unnecessary motions for discovery in this case, to eliminate delays in the presentation of evidence and the examination of witnesses, and to expedite the trial pursuant to the provisions of the Speedy Trial Act of 1974, it is ORDERED

I. <u>Discovery and Inspection</u>

1.   The Government shall disclose to the defendants and make available for inspection, copying or photographing: any relevant written or recorded statements made by the defendants, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government; that portion of any written record containing the substance of any relevant oral statement made by the defendants whether before or after arrest in response to interrogation by any person then known to the defendants to be a government agent; recorded testimony of the defendants before a grand jury which relates to the offense charged; and the substance of any other relevant oral statement made by the defendants whether before or after arrest in response to interrogation by any person then known by the defendants to be a government agent if the government intends to use that statement at trial.

2.  If the Government intends to introduce into evidence in its case in chief a confession made to law enforcement authorities by one defendant which names or makes mention of a co-defendant, then the Government must make a copy of that statement or confession available to counsel for the non-declarant defendants, along with a proposal for its redaction to conform with the requirements of <u>Bruton v. United States</u>. If the Government makes no such disclosure and turnover within 30 days of the entry of this Order, the confession may not be received at a joint trial of the declarant and non-declarant defendants. If, within 10 days after receipt of the confession and its redacted version, counsel for the non-declarant defendants make no objection to the redacted statement, the defendants will be deemed to have acceded to the receipt of the redacted statement into evidence.

3.  The Government shall furnish to the defendants such copy of their prior criminal records, if any, as are within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government.

4.  The Government shall permit the defendants to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of his defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belong to the defendants.

5.  The Government shall permit the defendants to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the Government, the

existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial.

6. In this investigation, the Government has seized electronic evidence stored within different media, like, for example, servers, hard drives, removable hard drives, thumb drives and DVDs. The Government shall provide to the defendants a list of the seized media and will, at the defendants' expense make copies of the discoverable electronic evidence that is in the Government's possession.

7. To the extent possible, and without infringing on any applicable work product privilege, the Government shall make available to the defendants, at the defendants' expense, all discoverable documents and electronic evidence in the format in which the Government possesses the documents and electronic evidence.

8. The Government shall comply with the requirements of Rules 702, 703 or 705, Fed. R. Evid., for all expert testimony that it will present during its case in chief at trial.

It is further ORDERED that upon Government compliance with the foregoing,

9. The defendants shall permit the Government to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which the defendants intend to use in the defendants's case in chief at trial.

10. The defendants shall permit the Government to inspect and copy or photograph any results or reports of physical or mental examination and of scientific test or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendants, which the defendants intend to use in the defendants's case in chief at trial or which

were prepared by a witness whom the defendants intend to call at the trial when the results or reports relate to his or her testimony.

11.     The defendants shall comply with the requirements of Rules 702, 703 or 705, Fed. R. Evid., for all expert testimony that it will present during its case in chief at trial.

It is further ORDERED that if, prior to or during trial, a party discovers additional evidence or material which is subject to discovery or inspection under this Order, that party shall promptly notify opposing counsel of the existence of the additional evidence or material.

## II. Discovery Timeline

It is further ORDERED that the Government and the defendants comply with the following discovery timeline:

12.     That within 30 days of this Order, the defendants shall make motions regarding defenses or objections permitted pursuant to Rules 12 and 41(g), Fed. R. Crim. P., including, inter alia, motions for suppression of evidence.

13.     That by 30 days before trial, both the Government and the defendants will make any disclosures described in paragraphs 8 and 11 of this Order regarding expert testimony.

14.     That by 30 days before trial, the defendants shall provide to the Government the information described in paragraphs 9 and 10 of this Order, with the understanding that if the defendants acquire more of the information described in paragraphs 9 and 10 of this Order prior to or during trial, then the defendants shall promptly provide the Government the newly-acquired information.

15.     That by 10 calendar days before trial, the Government shall produce to the defendants the Jencks Act and Giglio materials for the witnesses who will testify in the Government's case in

4

chief. Counsel for the defendants may disclose the contents of said <u>Jencks</u> Act and <u>Giglio</u> materials to their clients but may not provide their clients with said documents or reproductions thereof. All <u>Jencks</u> Act and <u>Giglio</u> materials and reproductions thereof shall be returned to the Government forthwith at the conclusion of the trial in the above-styled case.

16. That by 10 calendar days before trial, the defendants, by and through their counsel, shall produce to the Government the statements of any witness, other than the defendants, who will testify on behalf of the defendants, as required by Fed. R. Crim. P. 26.2.

17. That by 10 calendar days before trial, both the Government and the defendants will file with this Court any proposed jury instructions or proposed <u>voir dire</u> questions.

18. That by 10 calendar days before trial, both the Government and the defendants will produce to each other any stipulations and/or certifications created pursuant to Fed. R. Evid. 902(11).

19. That by 10 calendar days before trial, the Government shall provide notice to the defendants, in accordance with Fed. R. Evid. 404(b), of the general nature of any evidence of other crimes, wrongs, or acts of the defendants which it intends to introduce at trial, except that, upon motion of the Government and for good cause shown, the court may excuse such pretrial notice.

### Exhibits and Translations

20. That 21 days before trial, the Government shall pre-mark all exhibits that it intends to introduce as part of its case in chief and shall permit defense counsel to inspect and copy such exhibits. A set of such pre-marked exhibits with an exhibit list shall be given to the trial judge's deputy clerk no later than the first day of trial. The defendants' exhibits shall also be pre-marked

and, unless otherwise ordered by the Court upon the defendants' application, shall be disclosed to the Government within 7 calendar days after the Government's disclosure. Defense counsel, in an appropriate case, may apply to the Court for an order requiring the Government to pre-mark exhibits more than 21 days in advance of trial. The Government and the defense shall also pre-mark all Jencks Act and "reverse Jencks" materials pursuant to Rule 26.2, Fed. R. Crim. P., so that no trial delay is encountered.

21. The authenticity of all exhibits disclosed to and examined by counsel pursuant to the provisions of paragraph 23 of this Order shall be deemed to have been accepted by either the defendants or the Government unless counsel files with the Court, 7 calendar days prior to the date of trial, a notice that the authenticity of one or more exhibits will be contested at trial, together with a statement delineating why the authenticity of the exhibit is being challenged and a certification that the challenge to authenticity is being made in good faith.

22. When counsel has examined an exhibit disclosed prior to trial pursuant to the provisions of paragraph 23 of this Order, the chain of possession of the exhibit will be deemed to have been accepted by either the defendants or the Government unless counsel files with the Court, 7 calendar days prior to the date of trial, a notice that the chain of possession of the exhibit will be contested at trial, together with a statement delineating why the chain of possession of the exhibit is being challenged and a certification that the challenge to the chain of possession is being made in good faith.

23. That by 21 days prior to trial, the Government shall provide to the defendants transcripts of any translations the Government intends to introduce in its case in chief. The correctness of any such translation or transcript will be deemed admitted, unless defense counsel

serves and files with the Court, 7 calendar days prior to the date of trial, a notice that counsel objects to the translation or transcript, specifying the portions thereof to which the objection is made and counsel's contentions as to the correct translation.

### III. Trial and Other Motions

24. All pretrial motions not otherwise specifically provided for in this or other Orders of the Court in this case will be deemed waived unless they are filed and served not later than:

| | |
|---|---|
| Pretrial motions filed by: | January 11, 2010 |
| Opposition due: | January 25, 2010 |
| Motions hearing date: | February 8, 2010 |
| Trial date: | February 22, 2010 |

### IV. Brady Material

It is further ORDERED that the Government shall comply with its obligations to produce any known exculpatory material as required by Brady v. Maryland, and United States v. Agurs.

/s/ Joel A. Pisano
JOEL A. PISANO
UNITED STATES DISTRICT JUDGE

7